**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: January 15 2010

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-35282 |
| | ) | |
| Christopher Risner | ) | Chapter 7 |
| Penny L. Risner | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

Debtors are represented in this Chapter 7 case by Attorney Charles Derby. On December 1, 2009, the court received a letter from Debtors directly. The letter is captioned "Request for Hearing." It alleged deficient performance by counsel and requested that they be reimbursed their attorney's fees and have original records returned to them. At the court's direction, the letter was docketed in the case record as a Motion to Review Fees. [Doc. # 21]. Electronic docketing also effected transmission of the letter to Derby via a link in the e-mail notification of docketing. The court set a hearing as requested by Debtors to address the allegations in the letter and specified that the it would also review the fees of counsel, under 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017(a), as requested by Debtors. The court set the hearing to occur on January 13, 2010, at 1:30 p.m. by order entered on December 3, 2009. [Doc. # 22].The order was duly and properly served on Derby on December 3, 2009, through the court's CM/ECF electronic filing system. In bold type, the court's order required Derby to appear in person at the court hearing.

The court held the hearing as scheduled on January 13, 2010. Debtors appeared in person. Derby

did not appear at the hearing. Immediately before the hearing, at 12:58 p.m. on January 13, 2010, Derby electronically filed a set of amendments to Debtors' schedules and paid the $26.00 amendment fee for same.

Penny Risner stated at the hearing that she paid Derby a total of $1,000 in two cash transactions in 2008, one in which she paid him $700 on July 23, 2008, and one in which she paid him $300 on October 2, 2008. She understood this amount to be the fees to be paid for him to represent Debtors in a Chapter 7 bankruptcy case. Thereafter, she reports that she was unable to get Derby to take action for months on end, despite repeated telephone calls and attempts to reach him to get him to proceed with their case. In the meantime, creditors continued unabated their efforts to collect from Debtors, including contacting Penny Risner at work.

Derby finally filed the Chapter 7 case on August 2, 2009. Debtors state that they were not afforded the opportunity to review the filing in advance. Upon finally reviewing the filing, it was obvious to Debtors that many creditors were omitted and other inaccuracies existed, such as an incorrect middle initial for Mr. Risner, for example. Indeed, it is clear from review of the filing that there are problems with it even apart from accuracy. Wachovia is listed on the original Schedule D, [Doc. # 1, p. 16/45], however, there is no address for it, there is no address for it in the matrix [Doc. # 1, p. 37-38/45] and it was therefore never notified by the Clerk of the filing of this case and of relevant deadlines, [*see* Doc. # 4]. As a result, Wachovia continued collection efforts from Debtors not withstanding their bankruptcy filing.

Penny Risner reported another fruitless round of repeated efforts to get in touch with Derby after the meeting of creditors to get all of the missing creditors and other deficiencies and inaccuracies in the original filing fixed. Again, however, Derby would not return their phone calls or follow up with them. Debtors were unaware of the filing made at 12:58 pm on the day of the hearing and were not afforded the opportunity to review it in advance for accuracy and to authorize its filing. Beyond the fact that it was not authorized and approved by Debtors, and its accuracy therefore unknown, there are also many obvious procedural deficiencies with the amendment that the Clerk has already identified in a docket entry.

The court infers from Derby's absence that Debtors' letter, which was electronically served on Derby when it was docketed, and the facts they have stated about the problems they have encountered in this case with Derby are accurate. Those facts are also generally confirmed by the face of the filed record, including the untimely, inadequate and unauthorized schedule amendment filed at the last minute before the hearing. The level of representation afforded Debtors thus far is so deficient, and the problems engendered thereby so pervasive, that the scope and quality of the relief that Debtors seek through a Chapter 7 discharge is

unknown at best and in jeopardy at worst. They have already lost much of the benefit of the automatic stay. Additionally, Derby's representation has been marked by unacceptable delay, the failure to consult properly with the Risners about the means by which their objectives are to be accomplished, the failure to obtain their informed consent with respect to filings in their case, and the failure to comply timely with their reasonable requests for information and assistance as part of their case. On this record, no amount of compensation can be justified as reasonable. All amounts paid to Derby by Debtors must be refunded to them, including to the extent that the amounts paid include filing fees, under 11 U.S.C. § 329(b). Disgorgement will also afford Debtors the realistic opportunity to terminate Derby's services and secure replacement counsel should they choose to do so.

The record is conflicting about the amount of the compensation paid to Derby. Derby's Bankruptcy Rule 2016 Disclosure of Compensation [Doc. #1, p. 33/45] filed on August 2, 2009, states that the agreed upon fee was $700, but that he had only been paid $70, with $630.00 due for compensation, and none of the filing fee having been paid. Penny Risner stated both in her letter and in court that she had paid Derby a total of $1,000 in cash. As Derby did not appear on January 13, 2010, as ordered, and has not contested the facts stated in the Risners' letter, the court finds that the total amount paid to Derby is $1,000, and that this is the amount that must be repaid by him.

Additionally, the Risners have repeatedly requested return of their documents and file information to no avail. They are entitled to this property, and likewise need it to prosecute and assist in their case.

Based on the foregoing, and as otherwise stated by the court on the record at the hearing,

**IT IS ORDERED** that Debtors' Motion to Review Fees [Doc. #21] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Charles Derby must disgorge and repay to Debtors the total sum of $1,000, with said funds to be paid directly to the Clerk of Court, on or before **January 25, 2010, by 4:00 o'clock p.m.**; and

**IT IS FURTHER ORDERED** that, upon receipt of said funds, the Clerk shall note same on the docket and then pay the funds over to Debtors Christopher Risner and Penny Risner, at 1325 Cleveland Road W, #306, Huron, OH 44839; and

**IT IS FURTHER ORDERED** that Charles Derby shall return all papers and documents received from Christopher Risner and Penny Risner to them, by transmitting the same to them at the address stated in the foregoing paragraph **on or before January 25, 2010**; and

**IT IS FINALLY ORDERED** that this order does not constitute an order authorizing Charles Derby's withdrawal from this case.